

John C. Pennington (Court Appointed), Strickland, Stone & Pennington, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

———◆———

M.. Ronald Christopher, Murray, Ky., for petitioner-appellant.

James B. Wooten, Jr., Asst. Atty. Gen., Frankfort, Ky., for respondent-appellee; John B. Breckinridge, Atty. Gen., Frankfort, Ky., on brief.

Before WEICK, McCREE and BROOKS, Circuit Judges.

**Thomas Calvin NEWBERRY, Petitioner-Appellant,**

v.

**John W. WINGO, Warden, Kentucky State Penitentiary, Respondent-Appellee.**

No. 71–1082.

United States Court of Appeals, Sixth Circuit.

Oct. 21, 1971.

PER CURIAM.

This appeal is from an order of the District Court dismissing, without a hearing, a petition for a writ of habeas corpus.

Newberry, a Negro, was convicted by a jury in the Hickman Circuit Court in the Commonwealth of Kentucky, of the crime of detaining a woman against her will, and the jury fixed punishment at confinement in the state penitentiary for seven years, which was the maximum sentence of imprisonment which could

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

be imposed. K.R.S. § 435.110. The woman was white.

Newberry did not appeal from his conviction. Subsequently, he filed in the Hickman Circuit Court a motion under Kentucky Criminal Rule 11.42 to vacate sentence, which motion was overruled. On appeal to the Kentucky Court of Appeals the order of the Circuit Court was affirmed. Newberry then instituted the present proceeding in the District Court.

In his petition for the writ Newberry asserted three grounds for relief, only one of which will be considered, namely, his contention that at his trial in the Circuit Court he was denied the effective assistance of counsel.

The record shows that when the case was called, Attorney D. L. McNeill came "and stated the defendant had talked to him in the case and was to pay him this morning but that he was not hired or employed." The Court then appointed McNeill to represent the defendant. McNeill then moved the Court to pass the case to a later day in the term in order to afford him an opportunity to prepare the case for trial. The Commonwealth Attorney objected to the continuance and the Court denied the motion.

We have held that proceeding with the trial of a criminal case immediately after the appointment of counsel for an indigent defendant, and without giving counsel opportunity to prepare for trial, "is so fundamentally unfair that a conviction resulting therefrom cannot be permitted to stand." United States v. Knight, 443 F.2d 174 (6th Cir. 1971); Townsend v. Bomar, 351 F.2d 499 (6th Cir. 1965).

The judgment of the District Court is therefore reversed and the cause is remanded with instructions to grant the writ of habeas corpus unless the Hickman Circuit Court vacates the judgment of conviction and retries the case within a reasonable time.