LeRoy TERRY, Jr., Petitioner-Appellant,

v.

John W. WINGO, Warden, Kentucky State Penitentiary, Respondent-Appellee.

No. 71–1499.

United States Court of Appeals, Sixth Circuit.

Feb. 8, 1972.

LeRoy Terry, Jr., pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, Ky., on brief for appellee.

Before PHILLIPS, Chief Judge, and McCREE and MILLER, Circuit Judges.

PER CURIAM.

LeRoy Terry, Jr., is a prisoner in the Kentucky State Penitentiary at Eddyville. He was indicted for armed robbery, for knowingly receiving stolen property and for armed assault with intent to rob. Terry entered pleas of guilty to all three charges and was sentenced to life imprisonment for armed robbery, two years for knowingly receiving stolen property and 21 years for armed assault with intent to rob.

The District Court dismissed Terry's petition for writ of habeas corpus on the ground of failure to exhaust State remedies. No evidentiary hearing was conducted by the District Judge.

The record shows that Terry filed a post-conviction motion in the McCracken Circuit Court under Kentucky Rule of Criminal Procedure 11.42. This motion was overruled by the Circuit Judge without an evidentiary hearing by an order entered December 29, 1969.

The District Court found that "petitioner appealed to the Kentucky Court of Appeals but such appeal was never perfected by the filing of the record. . . ." It was the ruling of the District Court that relief under federal habeas corpus was not available to Terry unless and until he had appealed to the Kentucky Court of Appeals from the adverse decision of the State trial court in his State post-conviction proceeding.

■ It is a general rule that an appeal to the State Court of Appeals is a necessary step in the exhaustion of State remedies in the Commonwealth of Kentucky. Morris v. Wingo, 421 F.2d 651 (6th Cir.). The record in the present case, however, indicates that Terry made an effort to perfect an appeal from the McCracken Circuit Court to the Kentucky Court of Appeals. The file contains a copy of a "response to petition for writ of mandamus" mailed by the clerk of the McCracken Circuit Court to the Kentucky Court of Appeals stating that "The Record on appeal prepared pursuant to notice of appeal filed by petitioner is enclosed herewith." The file also contains a copy of a letter from the clerk of the State trial court to Terry, dated September 30, 1970, that: "The Record in this case was mailed today to the Court of Appeals. No extra copy was made since you have a copy of everything that has been filed in this case."

The file also indicates that the record was never received in the Kentucky Court of Appeals and that Terry's appeal has been dismissed by that court.

■ Where there are circumstances rendering the State corrective process ineffective to protect a prisoner's rights, federal habeas corpus relief may be granted without requiring a futile exhaustion of State remedies. Lucas v. Michigan, 420 F.2d 259, 261 (6th Cir.); Duke v. Wingo, 386 F.2d 304 (6th Cir.).

■ The judgment of the District Court is vacated and the action is remanded for an evidentiary hearing on the question of exhaustion of State remedies. On remand the District Court is directed to make clear what the controlling and operative facts are as to this issue. If it should be found that Terry has exhausted available State remedies, the District Court is directed thereupon to proceed to make a determination of this case on the merits. Otherwise this action may be dismissed by the District Court without prejudice to the right of Terry to pursue any remedies which may still be available.

Vacated and remanded.