Virgil Lee KELLY, Jr., Petitioner,

v.

John W. WINGO, Warden, Kentucky State Penitentiary, Respondent.

No. 72–1460.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 3, 1972.

Decided and Filed Jan. 25, 1973.

Joseph G. Glass, Louisville, Ky., for petitioner-appellant.

David Vandeventer, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellee; Ed W. Hancock, Atty. Gen., Consumer Protection Division, Frankfort, Ky., on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

PHILLIPS, Chief Judge.

Petitioner, Virgil Lee Kelly, Jr., was convicted on April 16, 1969, in the Circuit Court of Jefferson County, Kentucky, and is presently serving a fifteen year sentence for armed robbery and a five year sentence for operating a motor

vehicle without the owner's consent. He appeals the denial of his petition for writ of habeas corpus. We affirm.

Kelly had been represented by court-appointed counsel, who was named on January 17, 1969. On the morning of the scheduled trial date, April 16, this attorney, after a plea-bargaining conference with the prosecution, recommended that petitioner plead guilty and accept a five or ten year sentence. Kelly rejected this suggestion, maintaining his innocence. He also claimed that the attorney had not visited him often enough while petitioner was in jail and, therefore, had not prepared the case properly. He complained to the judge that he did not want the first court-appointed attorney to represent him at trial. The judge appointed a second attorney to replace the first. This appointment came late in the morning and trial was set for two o'clock that afternoon.

Kenny Grantz, the second court-appointed counsel, conferred with petitioner after his appointment and suggested the possibility of a continuance in order to give more time for preparation of the defense and interviewing of witnesses. The record is clear, however, that the petitioner insisted on going to trial that day and refused to have his attorney seek a continuance. No motion for continuance, therefore, was made.[1] Trial was held before a jury and petitioner was convicted.

Within eighteen months following his conviction, petitioner filed two motions to vacate sentence under Kentucky Criminal Rule 11.42, the Kentucky post-conviction procedure, and two mandamus actions in the Kentucky Court of Appeals to force the trial judge to act to have the trial record prepared for appeal. While the chronology of events is far from clear, it appears that the first 11.42 motion was denied because the in forma pauperis motion was not procedurally correct and the second 11.42 motion was denied because of the denial of the first motion. Kelly was acting pro se in all of these actions and at least part of the confusion was attributable to a change in personnel in the office of the Clerk of the State trial court which occurred during this period. Proper records of petitioner's motions were not made.

Petitioner filed his application for the writ of habeas corpus in the United States District Court for the Western District of Kentucky. The substantive allegation in the petition was the same as that in the 11.42 motions, the claim of lack of effective representation of counsel. On April 22, 1971, the District Court denied his petition on the grounds that Kelly had not exhausted his State remedies, within the meaning of 28 U.S.C. § 2254, before applying to the federal court for the writ of habeas corpus. This ruling was appealed to this court. By order of July 20, 1971, we remanded the case to the District Court for an evidentiary hearing to "determine the exact procedural steps which appellant has taken, and the precise grounds for the denial of relief by state courts." That hearing was held on December 13, 1971,

1. The following conversation occurred in chambers after the selection of the jury and before the commencement of the trial:

"MR. GRANTZ: Will you put this in the record, please Mr. Evans? We are in Judge Jorris's chambers out of the hearing of the jury, and I, Kenny Grantz, as court-appointed attorney seated next to Mr. Virgil Lee Kelly, Jr., am putting these matters in the record of these proceedings; that I was appointed to represent Mr. Virgil Lee Kelly, Jr. by the Court on this date, and after a conference with Mr. Kelly he has instructed me to try his case this date on the charge of Armed Robbery, and that he wishes to enter a not guilty plea and to have the evidence heard by the Court and jury and for the jury to decide his case; further Mr. Kelly was informed by me that if he needed time to have witnesses appear in his defense that I would make such motion, but he decided to go through with this case at this time and place; and that Mr. Kelly is here present in the Chambers of his honor to concur with this being put in the record. At this time I would like to ask him if the above is true and correct.

MR. KELLY: It is true."

and the District Court, on March 10, 1972, again denied the petition. In its order the court held that the petitioner had not exhausted his State remedies. The court went on to consider, however, the merits of the petition and held that Kelly was adequately and effectively represented by counsel at his State trial. The District Court found that the second court-appointed counsel had had sufficient opportunity to prepare for trial. Petitioner appeals from this decision of the District Court.

The basic contention of Kelly on the exhaustion issue is that he made a good-faith effort at using the 11.42 motion to try to raise the merits of his constitutional claim before the State courts of Kentucky, that he has twice been thwarted for procedural reasons and that any further attempt to pursue his case in the courts of the State of Kentucky would be similarly futile.

The State's response is that petitioner, while having failed to get his case before an appeals court through 11.42 motions, could and should file a delayed appeal of his conviction in the State courts. This has been permitted in extremely rare cases in Kentucky, usually when the petitioner is proceeding without benefit of counsel. *See* Hammershoy v. Commonwealth, 398 S.W.2d 883 (Ky. 1966); Taylor v. Commonwealth, 394 S.W.2d 895 (Ky.1965); Davenport v. Winn, 385 S.W.2d 185 (Ky.1964).

■ The law of this Circuit regarding the exhaustion of remedies in such a situation was summarized in Terry v. Wingo, 454 F.2d 694 (6 Cir. 1972). In that case, in which the appeal to the Court of Appeals of Kentucky had not been perfected properly by the filing of a transcript of the trial court proceedings, this court wrote:

"Where there are circumstances rendering the State corrective process ineffective to protect a prisoner's rights, federal habeas corpus relief may be granted without requiring a futile exhaustion of State remedies. Lucas v. Michigan, 420 F.2d 259, 261

(6th Cir.); Duke v. Wingo, 386 F.2d 304 (6th Cir.)." 454 F.2d at 695.

■ The State is incorrect in its contention that the holding in Allen v. Perini, 424 F.2d 134 (6th Cir.), cert. denied, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970), requires the use of the delayed appeal in Kentucky. The *Allen* case arose in Ohio, where the delayed appeal is a recognized statutory remedy. O.R.S. § 2953.05. We will not require Kentucky petitioners to make a request for a delayed appeal as a pre-requisite to habeas corpus review in the federal courts. There was exhaustion of State remedies in this case under Criminal Rule 11.42. Kelly undertook to appeal to the Kentucky Court of Appeals from the adverse holding on his 11.42 motions, and was not successful in obtaining appellate review through no fault on his part.

We proceed to consider the merits of Kelly's constitutional claim. The Sixth Amendment guarantees to all criminal defendants the right "to have the Assistance of Counsel." In Powell v. Alabama, 287 U.S. 45, 71, 53 S.Ct. 55, 65, 77 L.Ed. 158 (1932), the Supreme Court wrote that the duty of appointing counsel for an indigent defendant "is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." *See also* Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377 (1940).

■ We have held that defendants have been deprived by the effective assistance of counsel when court-appointed counsel was required to proceed to trial immediately after appointment without adequate opportunity for preparation. Newberry v. Wingo, 449 F.2d 344 (6th Cir. 1971); United States v. Knight, 443 F.2d 174, 179 (6th Cir. 1971). In those cases, court-appointed counsel asked for and was refused a continuance for the purpose of preparing to defend his client. In the instant case, to the contrary, the court-appointed counsel offered to seek a delay in the trial of the case, but pe-

**720**

titioner, as noted above, refused this and insisted that the trial be held that day. Petitioner must be held to his election. We will not require the granting of a writ of habeas corpus in a situation where an attorney complied with his client's knowledgable request and insistence on going to trial.

■ Furthermore, the record discloses no prejudice to Kelly by the procedure followed by the State trial court. The prosecution produced testimony from the victim and the policeman who apprehended Kelly in the possession of the stolen car within hours of the theft. The victim identified Kelly as the guilty party in a properly conducted lineup within several hours of the crime. A letter was introduced from Kelly to the victim which acknowledged that "every man makes a mistake in life." Kelly acknowledged he had no witnesses to appear on his behalf aside from himself and did not make a request, either to the first or second court-appointed lawyer, to subpoena any witnesses. There is no showing of prejudice due to the late appointment of counsel.

Affirmed.