**Martin MOORE, Petitioner,**

**v.**

**Charles E. EGELER, Warden, State Prison of Southern Michigan, Respondent.**

**Civ. A. No. 5–70060.**

United States District Court, E. D. Michigan, S. D.

March 6, 1975.

Arthur J. Tarnow, Detroit, for petitioner.

Keith D. Roberts, Crim. Div., Lansing, Mich., for respondent.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Petitioner Moore was convicted of larceny by conversion on March 30, 1971 and sentenced to three and one-half to five years in prison. His appeal from that conviction to the Michigan Court of Appeals was denied and the Michigan Supreme Court denied him leave to appeal to that court on April 20, 1973. During this period he was free on bond. After beginning to serve his sentence he raised a new issue and again sought leave to appeal to the Michigan Supreme Court on May 23, 1974. This was granted on August 7, 1974 but an accompanying petition for bond was denied. Rather than schedule a hearing, however, the court ordered his case held in abeyance pending a determination in People v. Fountain.

On September 6, 1974 the Supreme Court issued its decision in People v. Fountain, 392 Mich. 395, 221 N.W.2d 375, but this decision did not resolve petitioner's case. Then, on November 21, 1974, that court issued an order again holding Moore's case in abeyance, this time pending a decision on People v. Carroll, a case not yet scheduled for argument. Additional requests for bail pending appeal were also denied, the most recent on January 15, 1975.

On January 30, 1975 petitioner filed this petition for habeas corpus and a motion for bond pending decision. Respondent has filed a motion to dismiss for failure to exhaust state remedies.

The issues of bond and state exhaustion are inextricably woven and form the heart of the controversy now before

this court. Underlying this consideration is petitioner's contention that he will be eligible for parole in March of 1976, but that in all likelihood the Michigan Supreme Court will take until at least May of 1976 to reach a decision. Respondent concedes that it is likely that petitioner will be eligible for parole before receiving a final decision from the Supreme Court, but respondent maintains that the delay does not require action by this court. Respondent argues that Moore was free on bond during his first protracted appeal and should only get "one bite at the apple".

The problem with that position is that the Michigan Supreme Court sees at least some potential merit in petitioner's claim and has granted him leave to appeal. Does this same recognition now preclude petitioner from seeking federal habeas corpus relief? Petitioner argues that he has made a good faith attempt to exhaust his state remedies and that this claim was presented to the Michigan Supreme . Court almost one year ago. Must he wait a second year, he asks, until after his release, before getting a ruling out of either state or federal court?

■ It is well settled that a habeas petitioner may bypass state proceedings in narrowly limited circumstances:

"Where there are circumstances rendering the State corrective process *ineffective to protect petitioner's rights,* habeas corpus relief may be granted without requiring a futile exhaustion of remedies." Lucas v. Michigan, 420 F.2d 259, 261 (6th Cir. 1970) (emphasis added).

*See also* Kelly v. Wingo, 472 F.2d 717 (6th Cir. 1973). This petitioner sees himself in a state of suspended animation in which no court will rule on his claim.

■ He must be afforded some relief from the exhaustion doctrine. Put bluntly, he is entitled to have either the state or the federal court determine the merits of his constitutional claim *before* spending another year in prison.

For this court to decide the underlying issues at this time, however, would do violence to the principles of comity underlying 28 U.S.C. § 2254. The best course it seems is to follow the procedure adopted by the Fifth Circuit Court of Appeals under similar circumstances:

"But this case and our present handling of it demonstrates that this vital exercise of federalism is neither an abdication by the Federal Courts nor a conclusion that the Federal Courts are unneeded. For to make Boyer's appeal to the Florida Courts truly effective we have to take extraordinary action. Were we merely to grant the motion for an expedited appeal, Boyer's sentence would long have been served before the case could be docketed for determination by a panel of this Court. The same would result from the presently mandated requirement that Boyer go back to the State Court to pursue all post-conviction remedies, which would mean that no practical relief could be afforded notwithstanding the Court's recognition of his constitutional claim.

"Therefore, in order to render Boyer's State remedies truly effective, we order that he be immediately released on bail in an amount, form, and surety to be set by Judge Young. The release on bail shall continue until he has fully exhausted his State, and if necessary, his Federal remedies. This is the procedure we adopted in Dawkins v. Crevasse, 5 Cir., 1968, 391 F.2d 921.

"The Florida Courts may well grant Boyer relief, but if they do not, he is then free to 'return to the Federal Court for its inescapably independant judgment on the federal issues'." Boyer v. City of Orlando, 402 F.2d 966, 968 (5th Cir. 1968).

Under the exceptional procedural circumstances of this case the court finds that further exhaustion is not needed. It will therefore accept jurisdiction and admit the petitioner to bail in an amount to be determined in a hearing.

Since this matter is pending before the Michigan Supreme Court, the court will hold further proceedings in abeyance until such time as that court finally disposes of the case.

The clerk of this court is ordered to schedule a hearing to determine the matter of petitioner's bond. Petitioner is required to be present at that hearing.