Donna JONES, a/k/a Donna Oien, Appellant,

v.

Herman SOLEM, Warden, South Dakota State Penitentiary, and Mark V. Meierhenry, Attorney General, State of South Dakota, Appellees.

No. 84–1204.

United States Court of Appeals, Eighth Circuit.

Submitted June 28, 1984.

Decided July 12, 1984.

Rick Johnson, Johnson, Eklund & Davis, Gregory, S.D., for appellant.

Mark V. Meierhenry, Atty. Gen., Grant Gormley, Chief Deputy Atty. Gen., Pierre, S.D., for appellees.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

Donna Jones, a state prisoner, appeals from the denial of her petition for habeas

corpus. The District Court [1] dismissed her petition on the ground that Jones had failed to exhaust state remedies. For reversal she contends that the exhaustion requirement should be excused because the State Circuit Court's delay in ruling on her post-conviction motion, together with the length of time the South Dakota Supreme Court is likely to take to process her appeal, will effectively deny her a state remedy, because she will be eligible for parole before or shortly after the appeal process is completed. We disagree with this contention and affirm the District Court.

## I.

In November 1981 a jury convicted Jones of aiding and abetting in the distribution of a controlled substance. She received a ten-year prison sentence and a $10,000 fine. Following her trial, Jones told her trial counsel she wanted to appeal the conviction, but he advised her that it would be a waste of his time and her money.

After serving nearly a year of her sentence, Jones retained counsel to petition for state post-conviction relief. Counsel filed the petition on October 13, 1982, alleging ineffective assistance of counsel. Two months later, the Circuit Court for the Seventh Judicial Circuit of South Dakota held an evidentiary hearing on the petition and took the matter under advisement. The Circuit Court took no further action until November 22, 1983, when it issued a memorandum decision denying Jones's claim. The Court did not enter an appealable order to that effect until January 4, 1984.

On December 23, 1983, between the issuance of the memorandum opinion and entry of the final order, Jones filed the present petition for federal habeas corpus. She argued that, because of the state court's delay in ruling on her post-conviction motion, the federal court should ignore the usual exhaustion requirement. In an order dated January 9, 1984, the District Court denied habeas relief, noting that an appealable order had been entered, and that the State Supreme Court could therefore review the issues Jones raised in her petition. On January 17, Jones filed a notice of appeal to the South Dakota Supreme Court.[2] One day later, she filed a Motion for Reconsideration of her federal habeas claim in the District Court. The Court denied her motion on January 24, 1984, and this appeal followed.

## II.

Jones points out that under 28 U.S.C. § 2254(b) state prisoners are not required to exhaust state remedies if circumstances exist which render the available state corrective process "ineffective to protect the rights of the prisoner." She contends that, in all likelihood, the South Dakota Supreme Court will not decide her appeal before she becomes eligible for parole in May 1985,[3] and that, because of her excellent prison record, she is almost certain to be released before or shortly after the appeal process is completed. Thus, even if the State Supreme Court grants her a new trial, the appeal process will have failed to protect her rights. Jones asserts that the District Court therefore improperly dismissed her petition for failure to exhaust state remedies.[4]

---

1. The Hon. Andrew W. Bogue, Chief Judge, United States District Court for the District of South Dakota.

2. Both Jones and the State have filed briefs in the appeal now pending before the South Dakota Supreme Court. In its brief, the State concedes that Jones did not knowingly and intelligently waive her right to appeal her conviction to the Supreme Court, and suggests that the case be remanded to the Circuit Court for resentencing to give her an opportunity to perfect her direct appeal.

3. Appellant's attorney has compiled information indicating that criminal appeals in the State Supreme Court generally take between ten and fifteen months to process.

4. Jones urges this Court to adopt the position taken in *Moore v. Egeler,* 390 F.Supp. 205 (E.D. Mich.1975). In that case, Moore's conviction for larceny was affirmed on direct appeal, but the Michigan Supreme Court later granted him leave to appeal to raise a new issue. Rather than schedule a hearing, however, the Supreme Court twice ordered Moore's case held in abeyance pending decisions in other cases. After his

Federal courts may deviate from the exhaustion requirement only where highly exceptional circumstances warrant prompt federal intervention. See, *e.g., Rose v. Lundy,* 455 U.S. 509, 515, 102 S.Ct. 1198, 1201, 71 L.Ed.2d 379 (1982); *Frisbie v. Collins,* 342 U.S. 519, 521, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952). In the present case, appellant asserts that the State Circuit Court's year-long delay in ruling on her post-conviction motion, coupled with the additional time that will be required to process her appeal before the South Dakota Supreme Court, constitutes such special circumstances, especially in view of her anticipated release on parole. However, while Jones's frustration with the slowness of the state-court proceedings is understandable, delay in a state court in and of itself is usually not sufficient to merit federal intervention. See *Barry v. Sigler,* 373 F.2d 835, 838–39 n. 4 (8th Cir.1967) (per curiam).[5] Petitioners generally must also show the existence of some additional factor (for example, that "state delay is a result of discrimination against the petitioner," *id.,* or that the State has been "unnecessarily and intentionally dilatory," *Mucie v. Missouri State Dep't. of Corrections,* 543 F.2d 633, 636 (8th Cir.1976)[6]). Jones has made no such showing in the present case.

Nor does the fact that appellant may be paroled before the Supreme Court rules on the merits of her claim justify excusing the exhaustion requirement. Jones's challenge to the validity of her conviction will not be rendered moot by her release on parole. Her parole could later be revoked, and the conviction might have collateral consequences in the future. See *Clemmons v. United States,* 721 F.2d 235, 237 n. 3 (8th Cir.1983). A person on parole is still "in custody" for purposes of federal habeas jurisdiction.

Affirmed.

---

claim had been before the Michigan Supreme Court for nearly a year, Moore filed a petition for federal habeas relief and a motion for bond pending decision. He contended that in all likelihood he would be eligible for parole before the court reached its decision, and that he had made a good-faith effort to exhaust his state remedies. The District Court concluded that in the "exceptional procedural circumstances" of the case, Moore was entitled to some relief from the exhaustion doctrine. It therefore accepted jurisdiction, ordered Moore released on bail, and noted that it would hold further proceedings in abeyance until such time as the Michigan Supreme Court finally disposed of the case. In the present case, it does not appear that comparable "exceptional procedural circumstances" exist which warrant relief from the usual exhaustion requirement. We need not decide whether we would follow *Moore* if a similar situation arose.

**5.** However, in several cases where petitioners have not obtained any state-court ruling on post-conviction motions after inordinate delay, this Court has remanded to the District Court with directions to consider the habeas petition on the merits if the state court still has not rendered a decision within a stated period of time. See, *e.g., Pool v. Wyrick,* 703 F.2d 1064 (8th Cir.1983) (per curiam) (no ruling on post-conviction motion after nearly three years); *Wade v. Lockhart,* 674 F.2d 721 (8th Cir.1982) (no decision on post-conviction motion after more than two years).

**6.** In *Mucie,* the State did not file a response to petitioner's motion for post-conviction relief for nearly a year, and the State court did not pass on the motion for over thirty months. In addition, the Missouri Supreme Court had already ruled that Mucie did not have standing to raise the statutory challenge that was the basis of his claim.