791 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHARLES COTTEN, SR., Petitioner-Appellant,
v.
RONALD C. MARSHALL, Respondent-Appellee.
 85-3925
 United States Court of Appeals, Sixth Circuit.
 4/17/86
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: LIVELY, Chief Judge, MERRITT and JONES, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the petitioner's motion for appointment of counsel and his motion for transcript at the government's expense. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motions, the record, and petitioner's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On May 27, 1976, Petitioner Charles D. Cotten was convicted by a three-judge panel of forgery, felonious assault, and aggravated murder with death penalty specifications. He was sentenced to death on the murder charge and to terms of imprisonment on the other charges. The Ohio Court of Appeals affirmed Cotten's conviction on October 26, 1977. Subsequently, the Ohio death penalty was declared unconstitutional by the United States Supreme Court (see Bell v. Ohio, 438 U.S. 637 (1978) and Lockett v. Ohio, 438 U.S. 586 (1978)), and Cotten's death sentence was reduced to a term of life imprisonment. On October 4, 1978, the Ohio Supreme Court affirmed Cotten's conviction. State v. Cotton, 56 Ohio St.2d 8 (1978). Cotten filed a petition for post-conviction relief (pursuant to Ohio Revised Code Sec. 2953.21) in the Common Pleas Court of Richland County, Ohio, on September 13, 1979. That petition was inexplicably lost in the Court without having been ruled on and without any notification to Cotten.
 
 
 3
 Cotten then filed a petition for a writ of habeas corpus in the district court alleging the following four grounds for relief: (1) use of a coerced confession; (2) denial of a fast and speedy trial; (3) denial of the effective assistance of counsel; and (4) denial of his right to appeal. The district court denied habeas corpus relief on October 22, 1985, and Cotten timely filed his notice of appeal.
 
 
 4
 The threshold issue for the district court was whether the Cotten was required to exhaust his state court remedies in light of the fact that his petition for post-conviction relief had been pending in the state court for six years and ultimately was determined by the clerk's office to be lost. It is, of course, well settled that a state prisoner must exhaust all remedies available in state courts before he may apply for federal habeas corpus relief. 28 U.S.C. Sec. 2254. However, this exhaustion requirement is not absolute. See Coleman v. Maxwell, 351 F.2d 285 (6th Cir. 1965); Saulsbury v. Green, 347 F.2d 828 (6th Cir.), cert. denied, 382 U.S. 882 (1965). 'Where there are circumstances rendering the state corrective process ineffective to protect a prisoner's rights, habeas corpus relief may be granted without requiring a futile exhaustion of remedies.' Moore v. Egeler, 390 F.Supp. 205 (E.D. Mich. 1975), quoting Lucas v. Michigan, 420 F.2d 259 (6th Cir. 1970). Also see Kelly v. Wingo, 472 F.2d 717 (6th Cir. 1973). The record in this case shows that Cotten made numerous attempts to avail himself of various state remedies. In addition to his direct appeal in state court, and his petition for post-conviction relief filed on September 13, 1979, Cotten filed a state habeas corpus action which was dismissed by the Richland County Common Pleas Court on December 15, 1980, for lack of jurisdiction, and he filed several motions for 'default' and 'summary judgment', all of which were overruled by the court in a judgment entry dated March 23, 1982. Cotten's appeal of that order was dismissed by the Court of Appeals on April 1, 1982, and the Ohio Supreme Court denied leave to appeal on December 2, 1982 (State v. Cotten, No. 82-621). Noting Cotten's extreme resourcefulness in filing documents in court, and the fact that it had been nearly 10 years since his conviction and more than 6 years since the post-conviction petition had been filed, the district court correctly decided that the state court's unusual loss of Cotten's records as well as the subsequent delay in deciding his case constituted a special circumstance requiring bypass of the exhaustion requirement.
 
 
 5
 Cotten's first ground for relief is that his conviction was obtained through the use of tapes of a coerced confession. He claims that after he was arrested he was threatened into making a statement after he requested to have an attorney present while answering police questions and that the statement was used at his trial. It should be noted at the outset that Cotten's statement was not introduced by the prosecution during the state's case in chief. Rather, the prosecution questioned Cotten regarding the written statement he made to the police after receiving Miranda warnings only after Cotten took the stand in his own defense and denied certain facts relating to the crime which were inconsistent with his written statement. When Cotten claimed that the discrepancies between his written statement and his testimony were due to the fact that the detectives had told him what to write, the prosecutor played tapes of those portions of Cotten's confession that he claimed were coerced for impeachment purposes. Such impeachment is proper. See Oregon v. Hass, 420 U.S. 714 (1975). '[E]vidence inadmissible against an accused in the prosecution's case in chief is not barred for all purposes' if its trustworthiness satisfies legal standards. Harris v. New York, 401 U.S. 222, 224 (1971). Cotten's written and recorded statements were used solely for the purpose of showing his prior inconsistent statement. The written statement was not offered into evidence by the prosecutor, and the court refused to admit the tape recording. Moreover, any prejudice that may have occurred by the introduction of such evidence before a jury was not present in this case where the trier of fact consisted of a three-judge panel. Therefore, this contention must fail.
 
 
 6
 Cotten also contends that he was denied his right to a speedy trial because his trial commenced 18 days after the expiration date established by the Ohio speedy trial statute, Ohio Revised Code, Sec. 2945.71. This contention merely raises an issue under state law, not one that is cognizable under the federal habeas corpus statute. 28 U.S.C. Sec. 2241. Cotten did not allege that his constitutional right to a speedy trial had been violated, however, it is clear from the record that no such violation occurred. Cotten was arrested on February 6, 1976; his trial was scheduled to begin on April 20, 1976. On that date, Cotten appeared in court with his court-appointed counsel and requested that the court allow him to be represented by John C. Hill, a private attorney from New York City who had been retained by Cotten's sister. The speedy trial issue was strenuously raised by the prosecutor when Mr. Hill requested a continuance of the trial until May 3, 1976. Hill then represented to the court that he had only spoken with defendant Cotten for 30 to 35 minutes the day before; that he was unprepared to go forward with a capital murder trial; and that since the defendant was the one requesting the continuance he would be in no position to 'holler' about speedy trial rights. The court granted Cotten's motion to substitute counsel and continued the trial until April 30, 1976. On April 29, 1976, Cotten again appeared before the court, waived trial by jury, and requested that his case be tried before a three-judge panel. This waiver resulted in further delaying the trial because of the time required to assemble a judicial panel. The prosecutor again objected on speedy trial grounds; however, defense counsel stipulated that the delay was occasioned by the defendant's waiver of a jury and would not be charged against the state. The trial finally commenced on May 24, 1976 (within the time permitted by the Ohio Revised Code Sec. 2945.72(E) which extends the time for trial where the accused causes the delay). In evaluating whether a constitutional right to a speedy trial has been denied, the Supreme Court has identified four factors that must be considered: the length of the delay, the reason for the delay, the assertion of the right by the accused, and any prejudice accruing to the accused. Barker v. Wingo, 407 U.S. 514, 530 (1972). The length of the delay in this case, approximately three and one-half months, is too minimal to 'trigger' inquiry into the other factors. See Cain v. Smith, 686 F.2d 374 (6th Cir. 1982). Nonetheless, it is clear from the record that any delay was caused by Cotten's actions rather than by some action attributable to the state. Cotten never asserted his right to a speedy trial, and he has not demonstrated any prejudice that he suffered from the delay. There has been no constitutional violation of Cotten's speedy trial rights; therefore, this contention must also fail.
 
 
 7
 As his third ground for relief Cotten asserts that he was denied the effective assistance of counsel when the state appellate court refused to notify his retained attorney of the date of Cotten's appeal. Instead, he contends the court appointed substitute counsel to represent him on appeal to the Fifth District Court of Appeals. This argument is not supported by the record. By an April 14, 1977, journal entry the Court of Appeals granted the motion of Attorney Terry Kilgore to withdraw as court-appointed counsel for Cotten, and the court appointed Attorney Sanders Mester to prosecute Cotten's appeal (Att. 11). The respondent in this case represented to the district court that the reason for this substitution of counsel was a finding by the Court of Appeals that Cotten's own attorney had abandoned him. Although this specific finding does not appear in the record, Cotten has offered no proof that his counsel did not abandon him. In fact, it appears from the trial transcript that Attorney Hill was from New York City and was in Ohio solely for the purpose of representing Cotten at his trial. There is nothing to show that Hill was, or ever intended to be, Cotten's appellate counsel. Nonetheless, Cotten has not demonstrated that he was not adequately represented by his court appointed counsel on appeal both to the Court of Appeals and to the Ohio Supreme Court. Accordingly, this ground for relief is totally without merit.
 
 
 8
 Cotten's final claim for relief is that the state court's failure to rule on his petition for post-conviction relief constitutes a denial of his right to appeal. The district court correctly held that his claim does not allege a violation of a federal right. Therefore, it must be rejected.
 
 
 9
 Accordingly, it is ORDERED that the motions for appointment of counsel and for transcript are denied, and the judgment of the district court is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.