David CHITWOOD, Appellee,

v.

Denis DOWD, Superintendent, Farmington Correctional Center and William Webster, Missouri Attorney General, Appellants.

No. 89–2113.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 29, 1989.

Decided Nov. 14, 1989.

Rehearing and Rehearing En Banc Denied Dec. 29, 1989.

Stephen D. Hawke, Jefferson City, Mo., for appellants.

Jeanne Early Poe, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, BOWMAN, and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Denis Dowd, Superintendent of the Farmington Correctional Center, and Wil-

liam Webster, Missouri Attorney General, (collectively "Dowd") appeal from the district court's [1] judgment in favor of David Chitwood. The district court granted Chitwood's habeas corpus petition, ordering Chitwood transferred to Oklahoma and unconditionally releasing him from serving any remaining time on his Missouri sentences. Dowd asserts on appeal that the district court erred in granting Chitwood habeas corpus relief because Chitwood failed to exhaust state remedies or present a federal constitutional claim. Dowd also challenges the district court's remedy. We affirm the judgment in part and reverse and remand in part.

On August 2, 1982, Chitwood pleaded guilty to one count of second-degree forgery in the District Court for the Seventh Judicial Circuit of Oklahoma. The court sentenced him to five years' imprisonment. Chitwood escaped from the Oklahoma Department of Corrections' custody on July 4, 1983, and fled to Missouri. On January 10, 1984, Chitwood pleaded guilty in the circuit court of Barry County, Missouri, to one count of second-degree burglary. The court sentenced Chitwood to seven years' custody with the Missouri Department of Corrections, beginning January 10, 1984. The court ordered that the sentence run concurrently with the remainder of Chitwood's Oklahoma sentence. The Missouri Department of Corrections received Chitwood on January 13, 1984.

On January 14, 1984, Chitwood pleaded guilty in the circuit court of Boone County, Missouri, to two counts of forgery. That court sentenced him to two three-year concurrent terms of imprisonment, consecutive to the Barry County and Oklahoma sentences.

During his incarceration, Chitwood made several inquiries to determine whether his Barry County and Oklahoma sentences were running concurrently. Beginning in January 30, 1984, and continuing through March 20, 1986, Chitwood wrote to Missouri prison officials. Apparently Chitwood did not normally receive a reply. His first letter to Mr. Harry Lauf was returned to him with a note handwritten by Mr. Lauf at the bottom: "Find attached a copy of your judgment which only states [that your Barry County sentence] is to run concurrently with the remainer [sic] of your Oklahoma sentence." Letter from David Chitwood to Harry Lauf, Records Officer, Missouri State Penitentiary (January 30, 1984). A letter from the Missouri Department of Corrections dated October 20, 1986, referred Chitwood back to Mr. Lauf. Letter from Carol J. Wolkey, Interstate Compact Coordinator, Missouri Department of Corrections to David Chitwood (October 20, 1986).

On September 21, 1986, Chitwood wrote to the Oklahoma Department of Corrections, asking Oklahoma to contact Missouri, and make arrangements for Chitwood's transfer. In November 1986, the Oklahoma Department of Corrections let Missouri know of its willingness to receive Chitwood back into custody.

In May 1987, Chitwood wrote to the Missouri Board of Probation and Parole, the Governor of the State of Missouri, and the Boone County prosecutor's office. He also wrote to the director of the Missouri Department of Corrections, who responded that the Department of Corrections was authorized to hold Chitwood confined until the conditional release date of his Boone County sentence, set for May 13, 1990.

Chitwood filed a pro se state habeas corpus petition in the circuit court of Barry County, Missouri, on February 25, 1986. The circuit court dismissed the petition for improper venue. Chitwood then filed a pro se federal habeas corpus petition in the Western District of Missouri on January 23, 1987, alleging that the Barry County court did not have the authority to impose the sentence given him. The district court dismissed the petition for failure to exhaust state post-conviction remedies. On November 5, 1987, Chitwood filed a pro se state habeas corpus petition in the circuit

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

court of St. Francois County, Missouri. The circuit court denied the petition on the ground that Chitwood's proper avenue of redress was a motion for post-conviction relief under Missouri Rule of Criminal Procedure 27.26 (since replaced by Rule 24.035).

On February 3, 1988, the Missouri Department of Corrections informed counsel then representing Chitwood that the Department had approved Chitwood for interstate placement in Oklahoma. Chitwood objected on the grounds that transfer so close to the May 13, 1988, conditional release date on his Barry County sentence would not prevent him from having to serve his Oklahoma sentence consecutively to his Barry County sentence. Chitwood wrote: "If this had been initiated when first I requested inter-state transfer in October 1986 I would have agreed to it at that time." Letter from David Chitwood to Vernon F. Heath, Central Transfer Authority (February 9, 1988). Chitwood stated his intention to seek a remedy through the courts to prevent him from having to serve a period of confinement beyond which the Barry County Circuit Court sentenced him. *Id.*

Chitwood wrote to the Missouri Public Defenders' Office in January 1988. He sought advice as to whether the conditional release date for his Barry County sentence, set for May 13, 1988, allowed enough time to pursue state remedies or whether he should file another federal habeas corpus petition. That office advised Chitwood to proceed with habeas corpus petitions in the Missouri appellate courts and federal district court, on the theory that the federal court could stay the habeas proceedings until the Missouri appellate courts ruled.

On February 10, 1988, Chitwood filed the instant pro se petition for writ of habeas corpus in the United States District Court for the Eastern District of Missouri. Chitwood and the Missouri Department of Corrections filed motions for summary judgment in April 1988. The court thereupon appointed counsel for Chitwood. In May 1988, the magistrate issued a Report and Recommendation finding petitioner entitled to habeas relief. After objections to the Report and Recommendation were filed by the parties, the district court, in a chambers conference on July 29, 1988, expressed its desire that counsel for both parties pursue all possible methods of informally resolving Chitwood's petition.

The court also directed Chitwood's counsel to meet with the Barry County sentencing judge. The judge confirmed his intent that the Missouri Department of Corrections transfer Chitwood to Oklahoma to serve his Barry County sentence. The prosecuting attorney involved in the Barry County sentencing also confirmed his understanding that Chitwood would serve the Oklahoma and Barry County sentences concurrently in Oklahoma.

Chitwood's counsel sought various solutions in Oklahoma. Counsel applied for inabsentia parole on Chitwood's Oklahoma sentence, which was denied. The Oklahoma Public Defenders' Office, which had represented Chitwood during the Oklahoma sentencing, was unable to assist him further. Counsel sought the assistance of the Oklahoma sentencing judge, who declined to modify the Oklahoma sentence. Counsel pursued the possibility of a Governor's commutation for Chitwood's Oklahoma sentence, but the Governor's office informed counsel that the Oklahoma Pardon and Parole Board had denied Chitwood's request for commutation for failure to meet the eligibility criteria.

On June 8, 1989, the district court granted Chitwood's motion for summary judgment and habeas corpus relief, ordering Chitwood transferred to the Oklahoma department of corrections within thirty days. The court unconditionally released Chitwood from serving any remaining time on either of his Missouri sentences. Dowd filed a notice of appeal and emergency motion for stay of execution of judgment. The district court denied the motion. We granted a temporary stay order and set the case for special hearing. On September 5, 1989, we lifted the stay order with respect to that portion of the district court's order which ordered Dowd to transfer Chitwood to the Oklahoma Department of Corrections.

## I.

■ Dowd first challenges the district court's grant of habeas corpus relief to Chitwood on the ground that Chitwood failed to exhaust his available state remedies and that the magistrate's finding of special circumstances, adopted by the district court, was erroneous. Dowd first asserts that Chitwood is procedurally barred from bringing his claim because he deliberately bypassed other remedies. Specifically, Dowd contends that Chitwood's habeas corpus petition actually states a claim under *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Under *Santobello*, prosecutors must fulfill promises or agreements made during the plea bargaining process when those promises are part of the inducement or consideration for the defendant to accept the plea bargain. *Id.* at 262, 92 S.Ct. at 499. Dowd evidently believes that Chitwood is actually asserting a breach of the plea agreement, in which the prosecution agreed to recommend that Chitwood serve his Barry County sentence and the remaining time on his Oklahoma sentence concurrently. Dowd asserts that Chitwood's claim properly falls under former Missouri Rule of Criminal Procedure 27.26 (now Rule 24.035), under which prisoners may challenge their sentence as imposed in violation of the constitution and laws of the state or the United States or as otherwise subject to collateral attack.

Chitwood's petition does mention the misexecution of his Barry County sentence as effectively violating his plea agreement. Chitwood asserts, however, that he is not bringing a *Santobello* claim because he does not wish to withdraw his guilty plea, and he is satisfied with the court's sentence. Instead, Chitwood challenges the execution of the sentence.

Chitwood's position is supported by Missouri case law, which holds that the execution of properly imposed sentences is not cognizable under Rule 27.26. *Stout v. State*, 745 S.W.2d 237 (Mo.Ct.App.1987). Chitwood perhaps inartfully worded his pro se habeas corpus petition to raise the issue of his plea bargain. If so, this should not be used to deny him relief. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Sher v. Gilpin*, 738 S.W.2d 900, 901 (Mo.Ct. App.1987). Moreover, the prosecution carried out the plea bargain by recommending that the court sentence Chitwood to serve his Barry County sentence concurrently with his Oklahoma sentence. In any event, Chitwood has explicitly clarified his position since filing his petition. We conclude, therefore, that Chitwood did not deliberately bypass any remedies that were available to him. Thus, there is no procedural bar to his habeas corpus petition.

We next consider Dowd's claim that Chitwood has not exhausted state remedies. Chitwood has twice presented his habeas corpus claim before the Missouri circuit courts. Chitwood has not, however, obtained any ruling on his petition from the Missouri appellate courts. There is no general right of appeal from a habeas corpus action in Missouri. *See Bebee v. State*, 619 S.W.2d 363 (Mo.Ct.App.1981); *In re C.S.N.*, 685 S.W.2d 567 (Mo.Ct.App.1984). Chitwood has not, however, presented successive habeas petitions to the Missouri appellate courts to obtain even the record of their denial. Therefore, the issue is whether or not Chitwood has fully exhausted available state court remedies or whether he is otherwise excused from doing so.

■ The general rule is that federal courts will not grant habeas corpus relief to state prisoners if there are any state remedies remaining for the petitioner to seek. *Frisbie v. Collins*, 342 U.S. 519, 520, 72 S.Ct. 509, 510, 96 L.Ed. 541 (1952). Failure to pursue available state remedies is not an absolute bar to appellate consideration of habeas corpus claims. *Granberry v. Greer*, 481 U.S. 129, 131, 107 S.Ct. 1671, 1673, 95 L.Ed.2d 119 (1987). Courts may grant habeas relief in "special circumstances," even though the petitioner did not exhaust state remedies. *Frisbie*, 342 U.S. at 521, 72 S.Ct. at 511. Determining whether such special circumstances exist is a factual appraisal for the trial court to decide, subject to appropriate appellate review. *Id.* District court findings of fact in

federal habeas corpus proceedings are reviewable under a clearly erroneous standard. *See Thompson v. Armontrout*, 808 F.2d 28 (8th Cir.1986), *cert. denied*, 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987).

Under *Wilwording v. Swenson*, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971):

[The exhaustion requirement] does not erect insuperable or successive barriers to the invocation of federal habeas corpus. The exhaustion requirement is merely an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights. *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963). Petitioners are not required to file "repetitious applications" in the state courts. *Brown v. Allen*, 344 U.S. 443, 449 n. 3, 73 S.Ct. 397, 403, 97 L.Ed. 469 (1953). Nor does the mere possibility of success in additional proceedings bar federal relief.

*Id.* 404 U.S. at 250, 92 S.Ct. at 409. The court should determine whether it will better serve the interests of comity and federalism by requiring additional state proceedings or by addressing the merits. *Granberry*, 107 S.Ct. at 1675.

■ We are satisfied that this case presents special circumstances sufficient to excuse complete exhaustion of state remedies. Chitwood has made a continual good faith effort to bring his petition before the proper forum and has faced roadblocks at every turn. Before seeking the aid of the courts, Chitwood made informal appeals to Missouri state officials for assistance and clarification of his sentence, appeals that usually did not receive a reply. When Missouri officials did respond, they failed to take any action to rectify Chitwood's predicament. Two habeas corpus petitions in state circuit courts did not win him any relief. As the prison time on his Barry County sentence had run almost to completion without any time credited against his Oklahoma sentence, Chitwood justifiably sought to preserve his rights in a federal forum.

Chitwood's case is distinguishable from *Jones v. Solem*, 739 F.2d 329 (8th Cir.1984), in which we held that state court delay, without an additional factor such as discrimination against the petitioner or unnecessary or intentional delay by the state, is not usually sufficient to merit federal intervention. *Id.* at 331. In that case, the petitioner challenged the validity of her conviction. We did not excuse the exhaustion requirement because we found that Jones' challenge would not be rendered moot even if she was released on parole before the state's highest court ruled on the merits of her claim. *Id.* Her parole could be revoked and her conviction could have collateral consequences in the future that might be avoided by a judicial determination that her conviction was invalid. *Id.*

Chitwood, in contrast, challenges the actual time of his sentence, which is rapidly elapsing and potentially mooting his claim. Chitwood's special circumstances arise, then, not necessarily as a matter of futility, but rather as potential loss of justiciability. This potential loss combines with an "additional factor" we required in *Jones v. Solem*: Missouri state officials have disregarded, if not deliberately, at least negligently, the rights of a prisoner who sought the proper execution of his sentence. Accordingly, the district court's finding of special circumstances excusing complete exhaustion of state remedies is supported by the facts, and we do not find it clearly erroneous.

## II.

Dowd next contends that even if Chitwood's habeas petition is properly before the federal courts, Chitwood has not established a violation of his rights under the constitution or laws of the United States, as required under 28 U.S.C. § 2241. Dowd asserts that Chitwood did not have a legitimate expectation, protected by due process, that he would be transferred to Oklahoma to serve his Barry County sentence concurrently with his Oklahoma sentence. Dowd urges this position, even though the Barry County circuit court's sentence states that Chitwood's Barry County sen-

tence was to be served concurrently with the remainder of his Oklahoma sentence and even though a Missouri statute provides that "[a] court may cause any sentence it imposes to run concurrently with a sentence an individual is serving or is to serve in another state." Mo.Ann.Stat. § 558.026.3 (Vernon Supp.1989) (subsection 3 originally enacted as an amendment to section 558.026 in 1982).

Dowd asserts that the Barry County sentencing court had no authority to tell the Missouri Department of Corrections where prisoners will be incarcerated. Dowd interprets section 558.026.3 to operate only when the prisoner is already in the custody of another state. Thus, contends Dowd, the statute does not give Missouri courts any authority to order that the Missouri Department of Corrections transfer a prisoner.

Chitwood's Barry County sentence does not specifically order that Chitwood be transferred to Oklahoma. Nor does section 558.026 speak in terms of transferring inmates to other jurisdictions. We do not adopt, however, Dowd's restrictive view of the Missouri courts' power. A Missouri court's sentence has meaning only if the Department of Corrections has the duty to execute the sentences according to the court's instructions. The courts are given the authority to sentence defendants, not the Missouri Department of Corrections. Chitwood's sentence implicitly requires that Chitwood be transferred to Oklahoma, for that is the only course of action that will ensure that the Oklahoma sentence will run concurrently with the Barry County sentence. As Dowd has repeatedly pointed out, Missouri has no control over how Oklahoma runs the time of its prisoners' sentences.

■ We do not agree that section 558.-026 does not give the Missouri courts the power to order transfer of a defendant to another jurisdiction. On the contrary, the statute on its face indicates that the legislature intended to broaden the courts' discretion to order transfer. Under Dowd's interpretation, Missouri courts could impose sentences concurrent with sentences of other jurisdictions only when the Missouri courts do not have custody of the prisoner. Such an interpretation would so restrict the statute as to nullify it. We conclude, therefore, that the Department of Corrections had a duty to execute the sentence of the Barry County circuit court, and that the court had the authority to sentence Chitwood to serve his Barry County sentence concurrently with his Oklahoma sentence in Oklahoma.

■ In addition, we also find that Chitwood had a legitimate expectation that the Department of Corrections would transfer him to Oklahoma. Where state law gives the trial jury the discretion to impose criminal punishment, the criminal defendant has a "legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion." *Hicks v. Oklahoma*, 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980). That expectation is a liberty interested protected by the due process clause of the fourteenth amendment. *Id.*

The same reasoning applies in this case. Under Missouri statute, the discretion to sentence the defendant is vested in the trial court. One element of that discretion is found in section 558.026.3. When the trial court exercises its discretion under the statute, a defendant has a legitimate expectation that he will be deprived of his liberty only to the extent determined by the court. That expectation is a liberty interest, protected by due process and enforceable by way of habeas corpus.

### III.

■ Finally, Dowd challenges the district court's remedy. The district court unconditionally released Chitwood from serving any time remaining on either his Barry County or Boone County sentences. The district court did not determine what time would remain on the Missouri sentences if Chitwood had been transferred to Oklahoma immediately after his Barry County sentencing. Unconditional release from all remaining Missouri time may not

be justified if, after serving his time in Oklahoma, Chitwood would have had remaining time to serve in Missouri.

We remand, therefore, to the district court for findings on (1) when Chitwood would have completed his Missouri sentences had he been transferred to Oklahoma within twenty-four hours of his Barry County sentencing, and (2) when Chitwood will complete his sentence in Oklahoma once he is actually transferred to Oklahoma. Upon making those findings, the district court shall order that Chitwood serve any time on his Missouri sentences that would have exceeded the actual Oklahoma time. The district court shall also order that Chitwood be returned to Missouri to serve any time he might have remaining there in the event he receives any type of conditional release before completing his Oklahoma sentence.[2]

---

2. We have been informed that following our September 5, 1989, order that lifted the stay in part, Missouri officials made arrangements to transfer Chitwood to the Oklahoma Department of Corrections but that the transfer has not been accomplished because Chitwood has refused to sign a waiver of extradition from Oklahoma back to Missouri, as required by the state of Oklahoma as a condition precedent to accepting the transfer. We conclude that whatever the merits of Chitwood's position, this is an issue that is not properly before us at this time, and in any event may be moot in the light of our directions on remand.