989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald T. WRIGHT, Petitioner-Appellant,
v.
Michael DUTTON, Warden Respondent-Appellee.
 No. 92-6001.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1993.
 
 1
 Before NATHANIEL R. JONES and RALPH B. GUY, JR., Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Donald T. Wright, a pro se Tennessee prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wright was convicted in 1980 of first and second degree murder and was sentenced to two consecutive terms of life imprisonment. The Tennessee Court of Criminal Appeals affirmed his convictions on January 6, 1982, and the Tennessee Supreme Court denied leave to appeal. Wright then filed a petition for post-conviction relief (PCR) in which he raised the issue of ineffective assistance of counsel. The denial of this petition was affirmed by the appellate court in an opinion issued May 4, 1984. But because Wright's court-appointed attorney did not appeal this issue to the Tennessee Supreme Court, Wright's first federal habeas petition was denied without prejudice on January 9, 1986 for failure to exhaust state remedies. A panel of this court affirmed the district court's dismissal. Wright v. Dutton, No. 86-6293 (6th Cir. Oct. 1, 1987).
 
 
 4
 Wright returned to the Tennessee Court of Criminal Appeals, seeking to have that court withdraw and reinstate its judgment on his PCR petition in order to recommence the time for filing an appeal to the Tennessee Supreme Court. The appellate court denied the motion for lack of jurisdiction. Wright's petition for permission to appeal to the Tennessee Supreme Court was denied on July 1, 1991. Wright filed a new PCR petition, which was still pending at the time this appeal was filed.
 
 
 5
 In his present petition, Wright again raised the issue of ineffective assistance of trial counsel. In a memorandum and order filed May 19, 1992, the district court dismissed the petition. It noted that Wright had technically satisfied the exhaustion requirement with the Tennessee Supreme Court's rejection of his application for delayed appeal, but had failed to establish cause for his procedural default. This unexcused default barred him from federal habeas relief. Wright filed a motion to alter or amend the judgment in which he claimed that the district court overlooked the state's violation of his right to due process, based upon the eleven months that his most recent PCR petition had been pending in the state trial court. This motion was denied by order of July 13, 1992.
 
 
 6
 On appeal, Wright continues to argue that the state violated his right to due process, thus preventing him from exhausting his state court remedies. He also argues that the district court erred by not holding an evidentiary hearing.
 
 
 7
 Upon review, we shall affirm the district court's order because, although Wright is deemed to have exhausted his state court remedies, he has not shown cause for his procedural default. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). Ordinary attorney error does not constitute cause unless it amounts to ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Coleman v. Thompson, 111 S.Ct. 2546, 2567 (1991) (attorney error must be of constitutional magnitude before responsibility for the default will be imputed to the state). Because Wright was not constitutionally entitled to counsel for the purpose of bringing his PCR petition, any error allegedly made by counsel is not of constitutional magnitude. Id. at 2566-67.
 
 
 8
 Further, Wright has not shown a due process violation. Even if lack of exhaustion rather than the failure to establish cause was Wright's problem, the state trial court's eleven-month delay in considering his second PCR petition is not by itself so unreasonable as to conclude that the state's remedy is ineffective. Recent case law indicates a reluctance to excuse exhaustion due to delays of this length. See, e.g., Cook v. Florida Parole & Probation Comm'n, 749 F.2d 678, 680 (11th Cir.1985) (per curiam) (three and one half years); Seemiller v. Wyrick, 663 F.2d 805, 807 (8th Cir.1981) (two and one half years). Further, habeas petitioners generally must also show the existence of some additional factor, e.g., that the state delay is a result of discrimination against the petitioner or that the state has been unnecessarily and intentionally dilatory. See Jones v. Solem, 739 F.2d 329, 331 (8th Cir.1984). Wright alleges no bad faith.
 
 
 9
 Finally, the district court did not err by not holding an evidentiary hearing because none of the eight circumstances listed in § 2254(d) is present and it is clear from the record that Wright is not entitled to relief. See McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987).
 
 
 10
 Accordingly, the district court's order, entered May 19, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation