United States Court of Appeals,

Eleventh Circuit.

No. 93-8252.

Larry Michael HAWK, Plaintiff-Appellant,

v.

GEORGIA DEPARTMENT OF CORRECTIONS, Bobby K. Whitworth, Defendants-Appellees.

Feb. 14, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:92-CV-876-JTC), Jack T. Camp, Judge.

Before KRAVITCH, Circuit Judge, GODBOLD and MORGAN, Senior Circuit Judges.

GODBOLD, Senior Circuit Judge:

Appellant Larry Michael Hawk sued under 42 U.S.C. § 1983, seeking injunctive relief and damages for the failure or refusal of Georgia correctional officials to release him to Texas, when, he asserts, his sentence by a Georgia court provided that he serve his Georgia sentence in Texas concurrently with a pre-existing Texas sentence. Restating, he contends that his total commitment time to be served under Georgia and Texas sentences was improperly lengthened by the period of time that Georgia refused to release him to Texas, the site where the two state sentences would operate concurrently.

The district court denied injunctive relief and held that the State of Georgia is entitled to sovereign immunity and that defendant Bobby K. Whitworth, Commissioner of the Georgia Department of Corrections, is entitled to immunity in his official capacity. These rulings are not questioned on appeal; the remaining issue concerns damages against the Commissioner in his

individual capacity.  The court dismissed this damages claim under Rule 12(b)(6).

The sentence as originally imposed by the Georgia Superior Court, in December 1989, is not in the record before us, but all counsel agree that it did not state that the place for service of the Georgia sentence would be Texas.  Hawk asserts that his plea agreement provided for service in Texas.  More than two years after the sentence was imposed the Georgia sentencing court entered what it called a "clarifying order" stating:  "It is the order of this Court that the sentence imposed on December 18, 1989, was intended to mean that [Hawk] be allowed to serve his Georgia time while serving his time in Texas."  The Department was notified of this "clarifying order" but would not give effect to it by releasing Hawk to the State of Texas.  One or two years later Georgia granted Hawk release on parole and released him to Texas.[1]  His damages claim concerns the period between the Department's receipt of notice of the "clarifying order" and his release to Texas.

The district court, and defendants on this appeal, rely upon Ga.Code Ann. § 42-5-51(d) (1991):

> (d) Notwithstanding any language in the sentence as passed by the court, the commissioner may designate as a place of confinement any available, suitable, and appropriate state or county correctional institution in this state operated under the jurisdiction or supervision of the department.

(Emphasis added.)  The district court held that, regardless of what the Superior Court said, this gave the Department of Corrections sole power to determine where to incarcerate a prisoner.  We do not

---

[1]The record does not reflect Hawk's status with Texas, but counsel state their impression that he is now on parole from the Texas sentence as well.

decide the case on this ground.

We affirm the decision of the district court that Whitworth was entitled to qualified immunity. There are at least three unanswered questions of law that prevent the law from being clearly established and thus require that qualified immunity be granted. First, defendants contend that a Georgia sentencing judge does not have power or authority to impose a sentence of imprisonment which provides that the sentence shall be served in another state concurrently with a sentence previously imposed by such other state. It is unclear whether a Georgia sentencing court has such power or authority. Second, if a Georgia superior court has such power or authority, we do not know whether, after imposing sentence, it may enter an order providing that the sentence was intended to mean that the prisoner be allowed to serve his Georgia time while serving his time in another state, and whether such an order, when entered, has the effect of amending the sentence. Third, assuming the order is within the judge's authority and operates to amend the sentence, we find no relevant Georgia decisions determining whether, as contended by defendants, the statutory authority under § 42-5-51(d) overrides Hawk's sentence as amended.

In *Chitwood v. Dowd,* 889 F.2d 781 (8th Cir.1989), Chitwood pleaded guilty in Missouri. His Missouri sentence provided that it be served concurrently with his Oklahoma sentence. Missouri would not release him to Oklahoma. The court held that Chitwood had a legitimate expectation, amounting to a liberty interest protected by the Due Process Clause of the Fourteenth Amendment, to be

transferred to Oklahoma.  That case, however, did not have the uncertainties of law present in the case before us.  There was no problem of the sentencing court's attempting to amend the sentence as originally entered.  There was no question of the power or authority of the Missouri court to order that the Missouri sentence be served concurrently with the Oklahoma sentence.  A Missouri statute provided that "[a] court may cause any sentence it imposes to run concurrently with a sentence an individual is serving or is to serve in another state."  *Id.* at 786 (citations omitted).  The court held that a sentence imposed in accordance with this statutory provision had meaning only if the Missouri Department of Corrections had the duty to execute the sentence according to the court's instruction, that is, Chitwood's sentence implicitly required that he be transferred to Oklahoma, because that was the only course of action that would ensure that the Oklahoma sentence would run concurrently with the Missouri sentence.  The statute itself, the court held, broadened the authority of Missouri courts to order transfer.  For these reasons  *Chitwood* does not give us guidance.

AFFIRMED.