Douglas Wayne THOMPSON, Appellant,

v.

MISSOURI BOARD OF PAROLE and
United States Attorney, Minneapolis,
Minnesota, Appellees.

No. 90–5082.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1990.

Decided March 29, 1991.

Rehearing Denied May 8, 1991.

Heidi H. Crissey, Stillwater, Minn., for appellant.

Ronald L. Jurgeson, Jefferson City, Mo., for appellees.

Before LAY, Chief Judge, and HEANEY and FRIEDMAN,[*] Senior Circuit Judges.

LAY, Chief Judge.

Douglas Wayne Thompson appeals the order of the district court[1] denying his petition for a writ of habeas corpus. Thompson currently is a federal prisoner who seeks relief from a custody detainer lodged against him by the state of Missouri. The detainer requires federal officials to transfer Thompson into the custody of Missouri officials at the completion of his federal sentence, so that Thompson may complete his parole relating to a previous murder conviction in Missouri. The district court rejected Thompson's claim that the detainer is invalid under Missouri law. Thompson also raises several other claims that were not addressed by the district court. We find these claims without merit, with the exception of Thompson's claim that he deserves parole credit for the two years prison time served due to the Missouri Parole Board's vindictive denial of parole. We hold that Thompson has served five years parole and must receive parole discharge consideration.

## I.

Thompson has a long history in the state and federal courts. In 1961, he escaped from a California prison where he was serving a five-years-to-life sentence for armed robbery. He went on a crime spree that ended only after he shot and killed a policeman and another person in separate incidents in Missouri. Thompson was convicted of capital murder in Missouri in 1961, but that sentence was vacated because the prosecution withheld material evidence. *State v. Thompson*, 396 S.W.2d 697 (Mo.1965). On retrial Thompson was convicted and sentenced to life imprisonment in 1966. In 1981, this second conviction was vacated when this court found the jury in his 1966 trial had been unconstitutionally selected. *Thompson v. White*, 661 F.2d 103 (8th Cir.1981), *vacated*, 456 U.S. 941, 102 S.Ct. 2003, 72 L.Ed.2d 463 (1982), *decision adhered to on remand*, 680 F.2d 1173 (8th Cir.1982), *cert. denied*, 459 U.S. 1177, 103 S.Ct. 830, 74 L.Ed.2d 1024 (1983). In 1984, Thompson was tried and convicted for murder a third time and was sentenced to life imprisonment.

In 1980, before his conviction was vacated by this court, the Missouri Parole Board paroled Thompson on a custody detainer to the State of California so he could complete his 1961 California sentence, which was interrupted when he escaped from prison. Thompson served only a few months in California, however, before he was released on writ of habeas corpus. Thus, Thompson was free on parole from 1981 until he was reconvicted and returned to prison in 1984. Thompson requested parole in Missouri but was denied without hearing. He then petitioned for a writ of habeas corpus on the ground that the Board's refusal to grant parole was vindictive. The district court granted the writ and this court affirmed. *Thompson v. Armontrout*, 647 F.Supp. 1093 (W.D.Mo.), *aff'd*, 808 F.2d 28 (8th Cir. 1986). The district court ordered Thompson's release on parole, and he was released in December, 1986. In June, 1987, he informed the parole board that he no longer would report, claiming he had served the maximum five-year parole term.

In 1988, Thompson was arrested in Minnesota on bank robbery and firearms

---

[*] The HONORABLE DANIEL M. FRIEDMAN, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

charges. He pled guilty and is presently serving a twenty-year prison term. Missouri officials lodged a detainer with the State of Minnesota claiming Thompson is subject to the supervision of the Missouri Parole Board upon completion of his federal term. On December 8, 1988, while in jail in Minnesota awaiting sentencing on his bank robbery charges, Thompson filed a petition for writ of habeas corpus in the District of Minnesota. In his petition, Thompson alleged that the Missouri detainer was "the product of vindictiveness," and that Missouri officials were attempting to punish him for successfully challenging his Missouri conviction.

Specifically, Thompson asserted that the Missouri detainer was invalid under Mo. Ann.Stat. § 558.011.4 (Vernon Supp.1991), which he alleged required discharge from parole after five years. Thompson claimed he had served five years parole, counting the two years served in prison from 1984–86 when the state improperly denied him parole. Thompson also requested a temporary restraining order to prevent the United States Attorney from releasing him into the custody of the Missouri Parole Board.

The district court denied the petition. Although Thompson had not exhausted his claim in the Missouri state courts, the court found exhaustion not required because Thompson did not raise a colorable federal claim. See Granberry v. Greer, 481 U.S. 129, 136, 107 S.Ct. 1671, 1676, 95 L.Ed.2d 119 (1987). The court also adopted the magistrate's report and recommendation, in which the magistrate excused Thompson's failure to exhaust in light of previous findings by this court that Missouri courts have acted vindictively against Thompson, rendering exhaustion futile. The court then considered the petition on the merits and found that Mo.Ann.Stat. § 558.011 applied only to prisoners convicted of offenses committed after 1979. Thus, the statute was inapplicable to Thompson, who committed his offense in 1961. Having

denied Thompson's substantive claim, the court denied the temporary restraining order request as moot. This appeal followed.

## II.

■ In reviewing the district court's order we first note that habeas corpus is the proper vehicle for challenging a state detainer. The Missouri detainer makes Thompson "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (1988). The fact that Thompson seeks relief from future detention does not bar habeas review. Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989); Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 488–89 & n. 4, 93 S.Ct. 1123, 1126–27 & n. 4, 35 L.Ed.2d 443 (1973). Proper venue lies in the District of Minnesota, as that court has jurisdiction over Thompson's present custodian. Braden, 410 U.S. at 494–95, 93 S.Ct. at 1129–30.

■ Upon review of the record, we find no error in the district court's decision. The exhaustion rule is not a rule of jurisdiction, and sometimes "the interests of comity and federalism will be better served by addressing the merits forthwith." Granberry, 481 U.S. at 134, 107 S.Ct. at 1675. This is particularly true when the claim is non-meritorious. Id. at 135, 107 S.Ct. at 1675. With regard to the merits, the Missouri conditional release statute on its face does not apply to Thompson's conviction. See Mo.Ann.Stat. § 558.011 (Vernon Supp.1991). That statute is part of Missouri's revised criminal code, which is effective only for crimes committed after 1979. Mo.Ann.Stat. § 556.031.1 (Vernon Supp.1991); State v. Crow, 600 S.W.2d 162, 166 (Mo.App.), cert. denied, 449 U.S. 882, 101 S.Ct. 234, 66 L.Ed.2d 107 (1980).[2] Thompson's claim is non-meritorious and exhaustion is not required. Lacking a substantive basis for relief, Thompson's re-

---

**2.** Although Thompson alleges only that he is being detained in violation of Missouri law, we read his petition as alleging that the state's failure to apply the Missouri conditional release statute in his case constitutes a due process violation under the 14th Amendment. Pro se petitions should be read with appropriate benevolence. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

quest for a temporary restraining order also must be denied.

### III.

■ Thompson also raises a number of claims on appeal, both in his pro se brief and in his counsel's brief, which the state alleges are new. The state argues that these claims are abusive and unexhausted because none of these claims were presented to Missouri state courts or to the district court. With regard to exhaustion, we affirm the district court's finding that exhaustion of state remedies would be futile in light of the state's vindictive actions toward Thompson in the past. *See Thompson v. Armontrout*, 808 F.2d 28 (8th Cir. 1986); *see also Hawkins v. Higgins*, 898 F.2d 1365, 1367 (8th Cir.1990) (excusing exhaustion on grounds of futility).

■ As to abuse of the writ, our review of Thompson's petition for habeas corpus indicates that the focus of that petition is generally the same as the claims now raised on appeal. The two main themes of Thompson's petition were (1) the vindictiveness of Missouri officials against him, and (2) his entitlement to release from probation under Mo.Ann.Stat. § 558.011. Although the only discernible claim for relief in the petition is the statutory claim, Thompson did raise the claims now urged on appeal in supplemental pleadings before

the district court.[3] Giving appropriate liberal construction to a pro se petition, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), we find that Thompson raised the instant claims before the district court. Thompson's attempts to have the district court decide these claims provides assurance that he has not abused the writ.

We now turn to the merits of Thompson's claims in his pro se brief and his counsel's brief.[4] Thompson's first claim is that the Missouri court system and Attorney General conspired to punish him for seeking federal habeas relief by imprisoning him in 1984.[5] Thompson essentially asks this court to reconsider and extend its decision in *Thompson v. Armontrout*, 808 F.2d 28 (8th Cir.1986), in which we affirmed the district court's order mandating his release on parole after finding the state vindictively denied him parole. Thompson now argues that the proper remedy for the state's vindictive action is complete release from the state's custody.

■ We decline to modify the remedy ordered by the district court in 1986.[6] The state complied with the 1986 order by releasing Thompson on parole. Our review of the record does not reveal evidence of further instances of vindictive action by the state since his release in 1986. Although

---

3. Thompson filed pleadings entitled "Traverse," "Motion for reconsideration," and "Objections to the magistrate's report and recommendation."

4. Although the district court has not passed on these claims, we find remand unnecessary. Thompson's claims involve pure questions of law, the parties have fully briefed the issues, and the proper resolution of these claims is beyond any doubt. *See Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir.1987).

5. This claim was raised before the district court as point 2 in Thompson's Objections to the Magistrate's Recommendations. [R. 65].

6. There is authority supporting Thompson's request, but we decline to apply it in this case. In *United States ex rel. Schuster v. Vincent*, 524 F.2d 153 (2d Cir.1975), the court ordered absolute release of a state prisoner after the state failed to hold a hearing to determine the patient's sanity in accord with the court's previous

order six years earlier. *Id.* at 156. Had the prisoner been found sane and deserving of parole, the state had agreed to absolute release after five years of parole. *Id.* at 161 n. 20. The court reasoned that, had the state promptly held the hearing and released the prisoner on parole, the prisoner would have completed the maximum parole term. *Id.* at 161. The court found absolute release was the appropriate remedy for the state's delay in compliance with its order.

Unlike the state of New York in *Vincent*, the state of Missouri is not bound to a maximum parole term in Thompson's case. *See supra* part II. The length of his term is discretionary, and we cannot with any confidence find that the time Thompson has served, with or without his prison time served from 1984 to 1986, equals or exceeds the time he should have served. Nothing in *Vincent* suggests that a court should truncate a parole sentence as a remedy for vindictive action toward a prisoner. We are disinclined to grant such a remedy, particularly after we already have granted relief from the state's violation.

the state has asserted its claim to parole custody over Thompson, that action is not vindictive per se. The state is acting within its rights because Thompson cannot successfully claim entitlement to absolute release under the Missouri parole scheme. Thus, with due deference to the district court that established the remedy of release on parole in 1986, we find no basis for granting further relief.

Thompson similarly argues that this court should grant him absolute release as a remedy for the state's failure to conduct a timely parole revocation hearing in 1984 under *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).[7] The gist of this argument is that when Thompson was reconvicted in 1984, he was entitled to a parole revocation hearing before being returned to prison. Because he had already served nineteen years in prison and was on parole for the crime for which he was reconvicted, Thompson argues he was entitled to remain on parole unless the state determined in a parole hearing that intervening circumstances merited parole revocation. As in his previous argument, Thompson is simply asking this court to enlarge the remedy he received in 1986 when the district court ordered him released on parole. For the same reasons we decline to order additional relief.

■ Thompson next claims that the state violated his rights under the equal protection clause because it did not apply Mo. Ann.Stat. § 558.011.4(1)(c) (Vernon Supp. 1991) retroactively to offenses committed prior to 1979.[8] Section 558.011 is Missouri's conditional release statute, which mandates discharge from conditional release after the prisoner has served a fixed prison term and a fixed conditional release term with good behavior. Thompson notes that the fixed conditional release term for his type of sentence is five years, and argues that the statute should be applied to mandate his absolute discharge because he has served five years parole. He claims that the state lacks a rational basis for not applying this statute retroactively.

This contention has no merit. Legislatures constantly re-evaluate and change the substance of their penal statutes. Implementing these changes necessitates establishment of an effective date, and it is incumbent upon the legislature to determine the point in time when new statutes take effect. *See Warden v. Marrero*, 417 U.S. 653, 664, 94 S.Ct. 2532, 2538, 41 L.Ed.2d 383 (1974); *United States ex rel. Hayden v. Zelker*, 506 F.2d 1228, 1230 (2d Cir.1974). It is not irrational for a state to revise its penal laws prospectively, thereby avoiding re-adjudication of all sentences under the prior law. *Cf. Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965) (applying exclusionary rule prospectively to avoid flood of litigation from current prisoners).[9] Thus, we find that the

7. This claim was raised before the district court as point 3 in Thompson's "Objections to the Magistrate's Recommendations." [R. 66].

8. This claim was raised before the district court as point 7 in Thompson's "Objections to the Magistrate's Recommendations," [R. 63], and point 1 in his "Memorandum in Support," [R. 65].

9. Thompson also misperceives the differences between Missouri's system of parole and conditional release. Under Missouri law, prisoners sentenced for crimes committed prior to 1979 are eligible for parole at any time. Mo.Ann. Stat. § 217.690.1 (Vernon Supp.1991). The parole board has complete discretion in awarding parole, and complete discretion in awarding discharge of parole. *Id.;* Mo.Code Regs. tit. 14, § 80–2.030(7)(A–B) (11/89). Prisoners under this system have the benefit of the possibility of parole after as little as one day served, but also must face the possibility of never obtaining parole, or of obtaining parole but never obtaining discharge. The process is entirely within the parole board's discretion.

In contrast, Missouri's conditional release scheme mandates that a prisoner serve a substantial portion of his sentence. Mo.Ann.Stat. § 558.011.4 (Vernon Supp.1991). Once that portion is served, and assuming good behavior, the statute mandates conditional release, and further mandates discharge from conditional release after a fixed term. *Id.* Thus, conditional release is at once better and worse for the prisoner than parole. The prisoner under conditional release must serve the bulk of his term before there is any likelihood of return to society, but the prisoner also can count on a fixed schedule for release.

The inherent differences between parole and conditional release provide the explanation for their different discharge policies. Missouri has opted to switch from a pure discretionary pa-

state's decision to maintain its parole system for prisoners convicted prior to 1979 is not irrational or invidiously discriminatory.

■ Thompson's final argument is that he deserves parole credit for the two years he served in prison due to the state's unlawful refusal to grant parole.[10] The two years of credit, added to his years of parole service prior to his reincarceration, would make Thompson eligible for parole discharge consideration under Mo.Code Regs. tit. 14, § 80–2.030(7)(A–B) (11/89).[11]

■ The state responds that Thompson has received credit for his two years of prison time, because that time is credited toward his life sentence. We find this contention completely untenable. The essence of the district court's decision in 1986 was that Thompson's prison term for his murder conviction was over. He had been released on parole and only through the vindictive action of the state was he reincarcerated. Thus, credit toward his prison term is credit toward nothing, because he will not be returned to prison on that conviction unless he violates his parole.

Had Thompson not been unlawfully incarcerated between 1984 and 1986, he would have completed five years of parole and would have been eligible for a parole discharge hearing. Thompson might have violated his parole between 1984 and 1986, but his record on parole prior to that time was untarnished. Further, because the state deprived him of the opportunity to show good performance on parole during that time, it is only proper to assume that Thompson would have continued good performance during that time. "Equity ... resolves uncertainties against those whose wrongful acts or omissions created them." *United States ex rel. Schuster v. Vincent,* 524 F.2d 153, 161 (2d Cir.1975) (citing *Bigelow v. RKO Radio Pictures,* 327 U.S. 251, 265, 66 S.Ct. 574, 580, 90 L.Ed. 652 (1946)). During his two years in prison Thompson undoubtedly met far more strenuous conditions than he would have faced under any type of parole. *See id.* Thus, we hold that Thompson's two years of prison time should have been credited toward his parole and that he consequently was eligible for parole discharge consideration in 1986.[12]

In summary, we reverse the district court's order denying Thompson's petition for a writ of habeas corpus. We find all Thompson's claims without merit, except

role policy to a determinate, largely non-discretionary system. The state is not irrational for deciding to maintain the parole system for prisoners convicted under that system. No doubt sentencing decisions for prisoners such as Thompson were made with the expectation that the parole system would apply. *See Marrero,* 417 U.S. at 658, 94 S.Ct. at 2535.

**10.** This contention was raised before the district court as point 3 in Thompson's pleading entitled "Supplemental Support for Issuance of Writ of Habeas Corpus." [R. 76] Although this claim is based on state law, a state's failure to abide by its own laws that results in a deprivation of liberty constitutes a violation of the due process clause of the Fourteenth Amendment. *Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1979).

**11.** This regulation, promulgated pursuant to Mo.Ann.Stat. § 217.690 (Vernon Supp.1991), provides in relevant part:

(7) Terms of Parole

(A) Any inmate paroled from the Missouri Department of Corrections and Human Resources will be subject to parole supervision until completion of the maximum sentence.

(B) An inmate who is serving a long sentence and whose parole discharge date will be five (5) years or more after release on parole, will be considered for discharge from parole supervision at the end of five (5) years under parole supervision.

1. Discharge from supervision after five (5) years is not automatic. The Board will review the parolee's file, including community adjustment and all other factors.

2. Discharge from parole supervision cannot and will not take effect until the governor has approved the discharge pursuant to section 217.730, RSMo.

Mo.Code Regs. tit. 14, § 80–2.030(7)(A–B) (11/89).

**12.** Our order does not entitle Thompson to discharge from parole. The Missouri parole board is required only to consider Thompson for parole. Because Thompson left the state of Missouri in 1987 and thereafter failed to report to his parole officer, the state has initiated parole revocation proceedings. It seems likely that the state will seek to revoke Thompson's parole and return Thompson to prison at the expiration of his federal term. We do not determine whether Thompson's conduct after 1986 can be considered in determining whether he was eligible for parole discharge in 1986.

that we find he is entitled to parole credit for the two years prison time he served due to the state's vindictive denial of parole. We further find that Thompson has served five years on parole and must receive parole discharge consideration.