Edward PARTON, Appellant,

v.

Bill ARMONTROUT, Appellee.

No. 91–3344.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 16, 1992.

Decided Jan. 12, 1993.

David L. Coffman, St. Louis, MO, argued, for appellant.

Stephen D. Hawke, Jefferson City, MO, argued, for appellee.

Before JOHN R. GIBSON, FAGG and HANSEN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Edward Parton appeals from an order of the district court denying his claim that a condition of parole that he participate in a community sexual offender treatment program should not be required, and his request for sanctions for a failure to conduct a hearing on the cancellation of his earlier presumptive release date. In proceedings after oral argument, we have been informed that Parton has completed his participation in the community sexual offender treatment program. Accordingly, many of the arguments with respect to the order of the district court are moot. We reverse and remand to the district court with instructions to issue a conditional writ of habeas corpus conditioned on Parton's being given credit for the five years he was incarcerated after the time of his eligibility for parole, and that, within the time to be set by the district court, he receives parole discharge consideration.

Parton was convicted on July 25, 1970 of statutory rape. His conviction was affirmed and he commenced service of his sentence. His presumptive release date had been set for January 11, 1985, but was cancelled by the Missouri Board of Probation and Parole because of Parton's failure to complete phase two of the Missouri Sex Offender Program (MOSOP) under Mo. Rev.Stat. § 589.040 which became a requirement for parole eligibility for sex offenders in 1980. He brought a habeas corpus petition challenging that action. The district court concluded that application of MOSOP to Parton violated the Ex Post Facto clause of the United States Constitution and we affirmed in *Parton v. Armontrout*, 895 F.2d 1214 (8th Cir.), *cert. denied*, 498 U.S. 879, 111 S.Ct. 212, 112 L.Ed.2d 172 (1990). Thereafter Parton was released on parole October 11, 1990, conditioned on participation in a mental health program, participation in a community sexual offender treatment program,[1] and residence in a half-way house. Parton then filed a motion for sanctions for the Board's alleged failure to follow the district court's prior order on the type of hearing he was to be given, and attacking the conditions of parole imposed upon him. The district court denied relief and Parton appeals.

We have examined our jurisdiction specifically with respect to the timeliness of the notice of appeal, and conclude that it was filed within 30 days from the time that the judgment was entered on the docket. Thus we have jurisdiction to consider the appeal.

At argument, the question arose as to Parton's current status. The Attorney General's office notified this court thereafter that Parton had completed the half-way house program, and had participated in the counseling for sexual offenders program. After six months of therapy the sessions were terminated and his counselor stated that there were no issues in Parton's life that were of sufficient magnitude to necessitate counseling. The Board of Probation and Parole notified the court that at that point Parton had met the two requirements imposed upon him at the time of his release, and that it expected that he would continue to adhere to the basic requirements of parole supervision until his sentence expires on January 23, 2008, or until he is administratively discharged. This renders moot the arguments concerning the conditions of parole which were the subject of Parton's attack in the district court.

We cannot conclude that the district court erred in denying sanctions. The Board of Parole held hearings and, as the district court stated, the clock could not be turned back to 1984 or 1985.

Parton also requested that the district court grant him an unconditional discharge from parole supervision as a sanction for the warden's improper actions to deter such conduct in the future. The district court denied this request. The basis of his

---

1. The community sexual offender treatment program which was a parole condition differs substantially from the MOSOP program for those who are incarcerated, but we need not further consider these differences.

argument is that he should have been released on parole in 1984 or 1985 and would have been except for the parole eligibility regulations requiring that he complete the MOSOP program, which we held to be a violation of the Ex Post Facto clause in *Parton v. Armontrout,* 895 F.2d 1214. The district court found, based on the respondents' admissions, that the only reason Parton was not released was his failure to complete MOSOP while incarcerated.

Parton now argues that the decision of this court in *Thompson v. Missouri Bd. of Parole,* 929 F.2d 396 (8th Cir.1991), requires that he be given credit for the time served between 1984 or 1985 and October 11, 1990, and if this is done he is now entitled to be discharged from parole. In *Thompson* we held that where the state unlawfully refused to grant parole, the two years of prison time he served should be credited toward parole, and because Thompson had served five years on parole, he had to receive parole discharge consideration.

The circumstances in *Thompson* are similar to those in this case. Had Parton been released, he would have been on parole for five years. As in *Thompson,* he is entitled to the assumption of good performance on parole during the time that he was actually incarcerated. *Thompson,* 929 F.2d at 401. The state's efforts to distinguish *Thompson* are unpersuasive.

We thus reverse and remand to the district court with instructions that it issue a conditional writ of habeas corpus which completely discharges Parton from parole supervision unless Parton is given (1) parole credit for the five years he was incarcerated after he would have been paroled but for the unconstitutional MOSOP eligibility requirement, and (2) parole discharge consideration within a time set by the district court.