59 F.3d 67
 Timothy WALTON, Plaintiff/Appellant,
v.
Larry NORRIS, Interim Director, Arkansas Department of
Correction; Evans, Warden, Maximum Security Unit, Arkansas
Department of Correction; R.D. Reed, Cummins Unit, Arkansas
Department of Correction, Defendants,
Walter Oglesby, Doctor, Arkansas Department of Correction,
Defendant/Appellee.
 No. 94-2659.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 12, 1995.
Decided June 21, 1995.
 
 Gerald Allen Coleman, West Memphis, AR, for appellant.
 Sarah Slade, Asst. Atty. Gen., Little Rock, AR, for appellees.
 Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Timothy Walton, an Arkansas prisoner, asserts in this case brought under 42 U.S.C. Sec. 1983 that his due-process rights were violated when he was required to appear at an administrative hearing regarding forced medication without a drug-free period, and when Dr. Walter Oglesby prescribed forced psychotropic medication. The Magistrate Judge,[1] following an evidentiary hearing, recommended that the case be dismissed. The District Court,[2] adopting the Magistrate Judge's findings and recommendations, entered judgment against Walton.[3] We affirm.
 
 
 2
 Dr. Oglesby initially prescribed psychotropic drugs for Walton in 1984 after Walton was diagnosed as delusional. Over the next several years, Dr. Oglesby's diagnoses of Mr. Walton, at various times, included very delusional, paranoid schizophrenic, and psychotic. It appears that the drugs prescribed by Dr. Oglesby controlled these conditions.
 
 
 3
 Walton often asked to be taken off of his medication, and Dr. Oglesby would oblige by either reducing the dosage or discontinuing the medication. Each time, Walton would eventually become psychotic or delusional. Examples of his behavior include fighting with officers, claiming the television was telling other inmates to kill him, and claiming that people were spraying chemicals on him and his body was dissolving.
 
 
 4
 On April 4, 1993, Walton refused his medication. At that time,[4] if an inmate objected to taking medication prescribed by a treating psychiatrist, and the psychiatrist believed that the inmate suffered from a mental disorder and was gravely disabled or likely to harm himself, others, or property, then the medication could be administered involuntarily. The inmate, however, was entitled to a hearing before the Mental Health Review Committee. Arkansas Department of Correction Policy No. 275. In this case, the committee unanimously found that Walton suffered from paranoid schizophrenia, that he had become violent when taken off of his medication in the past, and that mandatory injections were needed to prevent him from becoming psychotic again.
 
 
 5
 "The Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." Washington v. Harper, 494 U.S. 210, 227, 110 S.Ct. 1028, 1039-40, 108 L.Ed.2d 178 (1989). The procedure at issue in this case is identical to the procedure that passed scrutiny in Harper with one exception, a 24-hour drug-free period preceding the administrative hearing. Walton now contends that this difference violates the Due Process Clause. The Magistrate Judge stated, however, that the "plaintiff does not contend that the procedures used in this case were inadequate...." We will not address arguments made for the first time on appeal, Dorothy J. v. Little Rock School District, 7 F.3d 729, 734 (8th Cir.1993), absent plain error, which is not present in this case.
 
 
 6
 As for the sufficiency of the evidence, we hold that the facts presented more than justify the decision to medicate Mr. Walton. Every time Mr. Walton's medication was discontinued, his condition worsened. What better evidence could there be of the necessity of the medication? The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas
 
 
 [3]
 Mr. Walton originally sued four defendants. Three of them were dismissed from the suit prior to the hearing
 
 
 [4]
 The procedure has since been modified to an extent not relevant to this case