Eldon **MELLOTT**, Petitioner–Appellant,

v.

James D. **PURKETT**, Respondent–Appellee.

No. 94–4129.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1995.

Decided Aug. 24, 1995.

D. Warren Hoff, Jr., St. Louis, MO, argued, for appellant.

John W. Simon, Asst. Atty. Gen., argued, for appellee.

Before WOLLMAN and HANSEN, Circuit Judges, and MAGNUSON,* District Judge.

HANSEN, Circuit Judge.

Eldon Mellott appeals the dismissal of his 28 U.S.C. § 2254 habeas corpus petition. The district court[1] dismissed his petition without prejudice, finding that Mellott had not exhausted his state law remedies. We affirm.

*Background*

In 1986, a Missouri state court jury found Eldon Mellott guilty of sexual abuse in the first degree and sodomy. The state trial judge sentenced Mellott to concurrent terms of imprisonment of five years for the sexual abuse conviction and fifteen years for the

---

*The HONORABLE PAUL A. MAGNUSON, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

1. The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

sodomy conviction. The Missouri Court of Appeals affirmed his convictions on direct appeal. Mellott sought, and was denied, federal habeas relief regarding his convictions and sentences. *See Mellott v. Dowd,* No. 91–1564 (8th Cir. May 13, 1991).

Mellott was informed by the Parole Board in 1988 that his release date on parole was initially set for August 23, 1992. (R. at 27.) Later, on February 6, 1992, the Parole Board informed Mellott that because he had failed to complete the Missouri Sexual Offender Program ("MOSOP"), his August 23, 1992, release date had been cancelled. Mellott objected to the requirement that he complete MOSOP and sought relief from the Circuit Court of St. Francois County, where he filed a state habeas corpus petition on July 27, 1992.[2] Some seventeen months later, on January 6, 1994, the state court denied Mellott's state habeas petition, finding that the state statute in effect when Mellott was convicted required him to complete MOSOP as a condition of parole eligibility and that canceling his parole release date did not violate due process. Mellott took no appeal from the circuit court's decision.

On October 18, 1993, while Mellott's state habeas petition was pending in state court, Mellott filed this § 2254 habeas petition in federal court. Mellott claimed that (1) canceling his parole release date because he failed to complete MOSOP constituted unconstitutional detainment, and (2) requiring sex offenders to attend MOSOP therapy even after they had completed MOSOP constituted cruel and unusual punishment. As to the first claim, the magistrate judge [3] in his September 6, 1994, report and recommendation found that Mellott had a presently available, unexhausted state remedy: he could file a habeas petition with the Missouri Court of Appeals or with the Supreme Court of Mis-

souri. As to the second claim, the magistrate judge found that Mellott had never presented that claim to any state court. Because Mellott had not exhausted his available state remedies for either claim, the magistrate judge recommended that the district court dismiss without prejudice Mellott's federal habeas petition.

Before the district court ruled on the report and recommendation, Mellott submitted a copy of an order from the Supreme Court of Missouri, denying a separate state habeas corpus petition, which he had filed directly with the Supreme Court of Missouri on September 27, 1994, following the issuance of the magistrate judge's report and recommendation which had pointed out to him the availability of that state remedy. Mellott asserted that this evidenced exhaustion of all his state law remedies. The district court followed the magistrate judge's report and recommendation and dismissed Mellott's petition.

To explain why Mellott had not yet exhausted his state remedies, the district court found that at most, Mellott had exhausted his state remedies for the first claim, but he had still not presented his second claim to any state court. Because an unexhausted claim existed in the same petition with an exhausted claim, the district court dismissed the petition without prejudice for failure to fully exhaust all state remedies as to all claims presented. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Mellott appeals.

*Discussion*

Mellott asserts that the federal courts should consider the merits of his habeas corpus petition, even though he has not exhausted his state remedies with respect to the second claim, because allegedly special cir-

**2.** The record is unclear concerning an earlier state court action (No. CV592–139CC) Mellott filed with the Circuit Court of St. Francois County in February 1992, seeking a declaratory judgment that the cancellation of his August 23, 1992, release date was illegal. No copy of any such pleading was presented to the district court. Mellott says he tried diligently to pursue the declaratory judgment action but was frustrated by its transfer after filing to the Circuit Court of Cole County, and by the failure of the Missouri

state courts to respond to his inquiries. The Respondent's Brief informs us that the declaratory judgment action was dismissed by the Circuit Court of Cole County on August 18, 1993, for failure to prosecute and that Mellott took no appeal from the dismissal.

**3.** The Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri.

cumstances present in his case fit an exception to the exhaustion rule. Specifically, Mellott asserts that the state's past inaction and delay, due he says to vindictiveness or some other motivation, render the process of exhausting state remedies ineffective to protect his rights as a prisoner.

■ The doctrine of exhaustion prescribes that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." *Rose,* 455 U.S. at 515, 102 S.Ct. at 1201. "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992). We conclude that the state courts have not had an opportunity to act on Mellott's second claim, and thus Mellott has not exhausted his available state remedies.

■ Federal courts may grant habeas relief even absent exhaustion if special circumstances are present. *Chitwood v. Dowd,* 889 F.2d 781, 784 (8th Cir.1989), *cert. denied,* 495 U.S. 953, 110 S.Ct. 2219, 109 L.Ed.2d 545 (1990). Section 2254(b) provides:

> An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

28 U.S.C. § 2254(b). Determining whether special circumstances exist to negate the exhaustion requirement is a factual issue for the trial court to decide, subject to appellate review under a clearly erroneous standard. *Chitwood,* 889 F.2d at 784–85; *Thompson v. Armontrout,* 808 F.2d 28, 31 (8th Cir.1986) (*Thompson I*) (citing *Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)), *cert. denied,* 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987).

■ In this case, Mellott failed to raise his special circumstances argument before the district court as a reason to waive the exhaustion requirement, and we do not consider legal arguments raised for the first time on appeal, except for plain error. *See Walton v. Norris,* 59 F.3d 67, 69 (8th Cir. 1995) (per curiam) (citing *Dorothy J. v. Little Rock School District,* 7 F.3d 729, 734 (8th Cir.1993)).[4] Plain error occurs when (1) the district court deviated from a legal rule, (2) the error is plain, i.e., clear under current law, and (3) the error affected the prisoner's substantial rights. *United States v. Montanye,* 996 F.2d 190, 192 (8th Cir.1993) (en banc); *see also United States v. Olano,* —— U.S. ——, —— – ——, 113 S.Ct. 1770, 1776–78, 123 L.Ed.2d 508 (1993). Because Mellott did not present his let-me-bypass-state-remedies argument to the district court as a reason for waiving exhaustion on his habeas claims, the district court could not have committed plain error in failing to assess whether Mellott's specific circumstances warranted waiving the state exhaustion requirement. The only way we could find that the district court committed plain error in failing to analyze this argument is if that court should have read Mellott's *pro se* motion so clairvoyantly so as to recognize this unarticulated argument, or if Mellott's state court experience has been so outrageous that it mandates excusing the state exhaustion requirement.

■ We conclude that the district court gave the appropriate liberal construction to Mellott's petition and *pro se* motion. In "Petitioner's Motion for Default Judgment,"[5]

---

4. Even construing Mellott's *pro se* motion liberally, as we must, *Thompson v. Missouri Bd. of Parole,* 929 F.2d 396 (8th Cir.1991) (*Thompson II*), the legal argument Mellott presented to the district court was that because of the state's vindictiveness, the court should sever his second claim and treat it as a separate action under 42 U.S.C. § 1983. (R. at 32–34.) The first time Mellott argued to any court that his failure to exhaust state remedies should be excused is in this appeal.

5. The complete heading reads: "Petitioner's Motion for Default Judgment or Judgment on the Pleadings, and Request to Strike Respondents [sic] Response to the Order to Show Cause Herein." (R. at 32.)

Mellott asked the district court to sever his second unexhausted claim from his exhausted claim, then to recognize the severed claim under 42 U.S.C. § 1983. To explain this request, Mellott asserted that the "state courts acted vindictively in the state action," and that such action "shows the vindictiveness prong to invoke the Thompson rule against the State of Missouri." (R. at 32–33.) The magistrate judge interpreted this request for exactly what it was, a motion to sever the unexhausted claim and to file it under § 1983, and then denied that motion. We conclude that the magistrate judge reviewed Mellott's *pro se* motion with appropriate liberal construction. Therefore, when the district court later adopted the magistrate's report (in which the magistrate judge recited the denial of the motion to sever and recommended dismissing the pending petition without prejudice for failure to exhaust state remedies) the district court did not commit plain error.

■ Even assuming, arguendo, that the district court erred by not recognizing a claim of vindictiveness to excuse the exhaustion requirement, any such error would not affect Mellott's substantial rights because his circumstances do not mandate a finding of vindictiveness. Mellott asserts that the state unreasonably delayed its response to his state habeas petition, and he requests discovery to rebut the exhaustion doctrine. We cannot conclude that the state's actions mandate a finding of vindictiveness. The seventeen months it took the state court to respond to Mellott's state habeas petition was legally inconsequential because the underlying claim was without merit. The state statute in effect at the time of Mellott's conviction and sentencing required him to complete MOSOP as a condition of parole eligibility. (R. at 22–23.)

■ Mellott argues that he experienced vindictiveness from the state of Missouri in the same way Thompson experienced vindictiveness from the state of Missouri, and thus this Court should waive Mellott's state exhaustion requirement, as we did for Thompson. *See Thompson I,* 808 F.2d at 31–33; *see also Thompson II,* 929 F.2d at 399. In comparing Thompson and Mellott, however,

the state's actions against each of the prisoners were not similar. Thompson asserted vindictiveness on several theories, but his only meritorious claim was that he had erroneously served two years in prison. *Id.* at 401–402. In contrast, Mellott has not served any erroneous time in prison, and any delay in the disposition of his first claim does not rise to the level of vindictiveness in this case. Thus, the district court did not commit plain error by failing to waive Mellott's state exhaustion requirement.

■ Last, Mellott argues that even though the petition contains both exhausted and unexhausted claims, this Court may choose not to dismiss the petition. *See Granberry v. Greer,* 481 U.S. 129, 131, 107 S.Ct. 1671, 1673–74, 95 L.Ed.2d 119 (1987) (exhaustion is not jurisdictional) (citing *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 2062–63, 80 L.Ed.2d 674 (1984)). While a prisoner's failure to exhaust state remedies may not be an absolute bar to appellate consideration of the merits of his claims, a strong presumption exists to require the prisoner to pursue his available state remedies. *Granberry,* 481 U.S. at 131, 107 S.Ct. at 1673–74 (citing *Rose,* 455 U.S. at 515–20, 102 S.Ct. at 1201–04). We waive the exhaustion requirement only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Id.* (quoting *Rose,* 455 U.S. at 515–16, 102 S.Ct. at 1201–02) (internal quotation omitted). Because we find neither the outrageous delay nor the exceptional circumstances necessary to mandate bypassing available state remedies, we decline to examine the merits of his claims until Mellott has exhausted the available state remedies on all his claims. In addition, we find his remaining arguments without merit.

Because Mellott has not exhausted available state remedies and the district court committed no plain error, we affirm the judgment of the district court.